Nathalene L. LEE, Plaintiff–Appellant,

v.

UNITED STATES POSTAL SERVICE;
William J. Henderson, Postmaster,
Defendants–Appellees.

No. 00–4053.

United States Court of Appeals,
Sixth Circuit.

June 11, 2001.

Before KENNEDY, SILER, and
CLAY, Circuit Judges.

Nathalene L. Lee, a pro se Ohio resident, appeals a district court judgment dismissing her civil rights action filed pursuant to 42 U.S.C. § 2000e (Title VII). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Lee sued the United States Postal Service and the United States Postmaster, William Henderson,

contending that she was subjected to race and sex discrimination. The district court subsequently granted summary judgment to the postal service and Henderson.

In her timely appeal, Lee argues that summary judgment should not have been granted for the defendants and that the district court ignored her 1,500 pages of evidence.

We review the district court's judgment de novo. *See Summar ex rel. Summar v. Bennett*, 157 F.3d 1054, 1057 (6th Cir. 1998).

Upon review, we affirm the district court's judgment. As the district court noted, most of Lee's discrimination claims contained in her multiple Equal Employment Opportunity (EEO) complaints are time barred. However, Lee's final claim contained in her fourth EEO complaint regarding her supervisor's file on Lee's leave history was properly before the court. Despite being a reviewable allegation, Lee provided no evidence that the file was racially motivated or adversely impaired her employment. Mere conclusory allegations of discrimination are insufficient to state a claim under Title VII. *Allen v. Michigan Dep't of Corrs.*, 165 F.3d 405, 413 (6th Cir.1999).

Further, the allegations contained in Lee's sixth EEO complaint were also properly before the district court. In that complaint, Lee stated that she was improperly suspended and cited another individual as a comparative employee to establish a Title VII claim. However, to establish a prima facie case of discrimination, an individual must show membership in a protected group, that she was subjected to an adverse employment action, and that she was treated less favorably than a similarly situated employee who was not a member of a protected group. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The individual Lee cited was, in fact, treated exactly the same as Lee. Thus, Lee failed to show that she was treated differently from any individual in a non-protected group.

Finally, Lee contends that her rights under the Family Medical Leave Act (FMLA) were violated. However, the facts establish that she was not denied any leave for any medical condition. As Lee was never denied time off from work, she has failed to establish a violation of the FMLA.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.